WEILL-JAMISON CO., INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 9645. Promulgated October 31, 1928.

*Charles R. Coulter*, Esq., and *F. M. Goodwin*, Esq., for the petitioner.

*M. N. Fisher*, Esq., for the respondent.

1344

OPINION.

TRUSSELL: In order to classify petitioner as a personal service corporation, it must meet all the requirements of section 200 of the Revenue Act of 1918, which defines a personal service corporation as one whose income is to be ascribed primarily to the activities of the principal owners or stockholders who are themselves regularly engaged in the active conduct of the affairs of the corporation and in which capital, whether invested or borrowed, is not a material income-producing factor.

The business of petitioner consisted of soliciting orders for the textiles produced by the mills it represented as selling agent. Its income is to be ascribed primarily to commissions earned upon sales of textiles for the mills and those sales were due to the activities of the four stockholders. Jamison was in charge of the office and attended to all the details of the business, for which services he received a salary. I. Weill and E. Weill, although engaged in other business activities, kept in close touch with the affairs of petitioner, made sales and gave Jamison leads as to prospective customers. Draper was engaged in other business activities, but such activities enabled him to

keep petitioner posted at all times as to market conditions, change in styles, etc., of textiles which was a service as valuable as the making of sales for it was necessary for petitioner to advise the mills as to the best and most marketable style, color, etc., of textiles to produce. It was not necessary for I. and E. Weill and Draper to devote their entire time to the business of petitioner for as soon as petitioner had secured orders for a quantity of textiles equal to the year's production capacity of the mills, the petitioner's work for those mills was completed for that year. The activities of all four stockholders resulted in the sale of the entire output of certain mills, which was the only business of petitioner, and all four stockholders were actively and regularly engaged in the particular business of petitioner.

Capital was not a material income-producing factor. Neither the cash paid in for stock nor the accumulated surplus was used in petitioner's business of selling textiles for the mills. Petitioner did not remit to the mills in advance of making collections from customers. Its collections exceeded the amounts due the mills on regular monthly settlements, which were made between the fifteenth and twentieth of each month for the preceding month's sales. The profits which were not distributed as dividends were either invested in Liberty bonds or kept in banks and the surplus was considered as the members' (stockholders') net worth.

I. and E. Weill's assignment of the Pilgrim Mills contract to petitioner for $90,000 to be paid in monthly installments of $1,500 each was merely a method by which I. and E. Weill were to secure a larger portion of profits from the business, but shortly after the assignment the contract so assigned was canceled and I. and E. Weill entered into an agreement with petitioner relieving it of its obligation to pay the said $90,000.

The courts have held that the language used in section 200 is " regularly engaged " not " exclusively engaged " and may not be so narrowly construed as to exclude all outside activities, that the presence of capital does not affect personal service classification if it is not a material factor in the production of the corporation's income and that the distinction between personal service corporations and those which are not, is income earned by personal effort and income earned by capital through trading as a principal, respectively. See *Fuller & Smith* v. *Routzahn*, 23 Fed. (2d) 959; *Harry S. Kaufman, Ltd.* v. *Commissioner*, 24 Fed. (2d) 44; *Alexander & Garrett* v. *United States*, 21 Fed. (2d) 547; *Geo. B. Ricaby Co.* v. *Nauts*, 19 Fed. (2d) 271; *Posse-Nissen School of Physical Education, Inc.*, v. *United States*, 25 Fed. (2d) 748.

Petitioner did not buy and sell merchandise nor trade as a principal; it rendered the purely personal service of soliciting orders for

textiles; its income was derived from commissions earned from such personal service, except for interest incidentally earned upon the accumulated profits of the business; it did not use capital in its business as a selling agent; and its stockholders were regularly and actively engaged in the conduct of its affairs. We are of the opinion that petitioner is entitled to be classified as a personal service corporation for the periods here in question, and having so decided, it is not necessary to discuss the other two issues relative to invested capital.

Reviewed by the Board.

*Judgment will be entered for the petitioner.*

TRAMMELL, MORRIS, GREEN, and MURDOCK dissent.